**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **OLIVER ESPARZA,** | § <br> § <br> § Civil Action No.: <br> § <br> § <br> § <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § |
| Plaintiff, | |
| v. | |
| **MEDICREDIT, INC.,** | |
| Defendant. | |

## COMPLAINT

OLIVER ESPARZA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA"), and the Telephone Consumer Protection Act, 47. U.S.C. Sec. 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Beeville, Texas 78102.

6. Defendant is a national debt collection company with headquarters located at 3 City Place Drive, Suite 6900, Saint Louis, Missouri, 63141.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The alleged debt arose out of transactions primarily for personal, family, or household purposes.

13. Beginning in or around October 2015, Defendant began to place repeated harassing telephone calls to Plaintiff on his cellular telephone in its attempts to collect a Spohn Christus Hospital debt.

14.     Defendant's calls originated from the numbers including, but not limited to; (866) 316-9222. The undersigned has confirmed that this number belongs to Defendant.

15.     When contacting Plaintiff on his cellular telephone, Defendant would use an automatic telephone dialing system and automatic and/or pre-recorded messages.

16.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as he received automated messages from Defendant.

17.     On the occasions in which Plaintiff spoke to one of Defendant's representative in December 2015, he requested that they cease telecommunication to his cellular telephone, and instead, direct all communications to his mailing address.

18.     Defendant ignored Plaintiff's request and continued to contact Plaintiff.

19.     Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassment.

20.     Defendant's telephone calls were not made for "emergency purposes" but rather to collect a debt.

21.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

22.     A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23.     Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff and continued to call after it knew the calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

24.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

25.     Defendant violated § 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call after it knew the calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

36.     A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37.     Defendant violated § 392.302(4) of the Texas FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call after it knew the calls were unwanted.

## COUNT IV
## DEFENDANT VIOLATED THE TCPA

38.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

39.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is

greater."

40. Plaintiff did not give consent for Defendant to place telephone calls to his cellular phone after December 2015.

41. Defendant ignored Plaintiff's revocation and repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

42. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

43. Defendant called Plaintiff on his cellular telephone dozens of times beginning in October 2015, and continuing through June 2016.

44. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and an artificial prerecorded voice to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, OLIVER ESPARZA, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    e. Statutory damages of $500.00 for each violation of the TCPA, pursuant

          to 47 U.S.C. §227(c)(5)(B);

f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

f.    Any other relief deemed appropriate by this Honorable Court.

                                              RESPECTFULLY SUBMITTED,

Dated: August 19, 2016                KIMMEL & SILVERMAN, P.C.

                                              By: /s/ Amy Bennecoff Ginsburg
                                              Amy Bennecoff Ginsburg
                                              30 East Butler Pike
                                              Ambler, Pennsylvania 19002
                                              Phone: (215) 540-8888
                                              Facsimile (877) 788-2864
                                              Email: aginsburg@creditlaw.com